TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
KATHY YU (Cal. Bar No. 268210)
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8536/2431
     Facsimile: (213) 894-0141
     E-mail:    kevin.reidy@usdoj.gov
                kathy.yu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

F I L E D
CLERK, U.S. DISTRICT COURT
1/14/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RYO _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:26-cr-00016-JGB-2 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT OLGA DVORSKY |
| v. | |
| OLGA DVORSKY, aka OLGA LOZUTSKAYA, | |
| Defendant. | |

1.    This constitutes the plea agreement between OLGA DVORSKY ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of insurance fraud between approximately January 2021 and May 2025.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with wire fraud, in violation of 18 U.S.C. § 1343.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to

satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3.    Defendant further agrees:

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.    $24,720.46 in funds on deposit in a Navy Federal Credit Union account ending in -2880, held by defendant (CATS ID 25-DCI-000032);

ii.   $81,734.26 in funds on deposit in a Citibank account ending in -9805, held by defendant (CATS ID: 25-DCI-000033);

iii. $88,209.04 in funds on deposit in a Citibank account ending in -0308, held by defendant (CATS ID: 25-DCI-000034);

iv.   $841.09 in funds on deposit in a Wells Fargo N.A. account ending in -5720, held by defendant (CATS ID: 25-DCI-000035);

v.   $3,591.17 in funds on deposit in a Wells Fargo N.A. account ending in -6937, held by defendant (CATS ID: 25-DCI-000036);

vi.   $8,650 in U.S. currency (CATS ID: 26-DCI-000007); and

vii. $12,130 in U.S. currency (CATS ID: 26-DCI-000008) (collectively the "Forfeitable Property").

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of herself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right she may have to seek remission or mitigation of

4

the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. §983(a)(1)(A).

     e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

     f.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

     g.    To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

     h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

     i.    That forfeiture of the Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

     j.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

     k.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges

that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

l.    The parties further agree that, pursuant to the Asset Forfeiture Policy Manual (2021), Chapter 14, Sec. II.B.2 and 28 C.F.R. Part 9.8, upon a determination by the government that it can make the required representations set forth therein, and if requested by defendant, the government will submit a restoration request to the Money Laundering and Asset Recovery Section of the Department of Justice, seeking approval for any assets forfeited to be restored to the victim(s) in this case, which may, in turn, satisfy in full or part any restitution order.  Defendant has acknowledged that the Attorney General, or his designee, has the sole discretion to approve or deny the restoration request.

<u>THE USAO'S OBLIGATIONS</u>

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. §§ 1028A, 1349, arising out of defendant's conduct described in the agreed-to factual basis set forth below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, the following must be true: (1) defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and (4) defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

7

PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charge not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is approximately $760,617.39, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that

8

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that defendant is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.    Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty

in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including defendant's attorney or the Court, can predict to an absolute certainty the effect of defendant's conviction on defendant's immigration status.  Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

**Background of the Scheme**

Beginning no later than in or about January 2021, and continuing through on or about May 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant, together with her co-defendant, Igor Dvorsky aka Igor Dvorskiy ("Igor"), and others, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud various long-term care insurers and government programs, including the Federal Long Term Care Insurance Program ("FLTCIP"), Prudential Long-Term Care Insurance Program ("Prudential"), and the California In-Home Supportive

10

Services Program ("IHSS") as to material matters, and to obtain money and property from FLTCIP, Prudential, and IHSS by means of material false and fraudulent pretenses, representations, and promises.

Defendant and Igor both obtained long-term care insurance from FLTCIP through her employment with the United States government. FLTCIP is a long-term care insurance available to eligible federal employees, postal service employees, uniformed service members, and their qualified family members.  FLTCIP helps pay for long-term care services like home care, assisted living, and nursing home stays. Prudential also offered long-term care insurance to a class of customers beyond federal employees, service members, and their families.  IHSS is a state program that helps pay for in-home care services for eligible California residents.

**FLTCIP**

Beginning in April 2021 and up to and including May 2025, defendant and Igor submitted false claims to FLTCIP for care that was not actually provided.  Based on those false claims, defendant and Igor received money from FLTCIP to which they were not entitled.  For example, between May 11, 2021, and May 9, 2023, defendant and Igor submitted false claims to FLTCIP, for reimbursement for in-home care provided to defendant by T.H. in the amount of $39,930.  In fact, as defendant and Igor well knew, T.H. (an employee at the school in West Hollywood where Igor worked as an administrator) never provided any in-home care to defendant.  In submitting these fraudulent claims to FLTCIP, defendant and Igor used T.H.'s name, social security number, and date of birth, among other things.

11

In another example, on September 10, 2024, Igor submitted claims for reimbursement to FLTCIP for in-home care provided to Igor by I.K. between September 23, 2023, and October 31, 2023, in the amount of $9,856.  In fact, as Igor well knew, I.K. never provided any in-home care to defendant during this time period or otherwise.

**Prudential**

As part of the same scheme, defendant and Igor also submitted a comprehensive assessment form, and then later, claims for care to Prudential and received money from Prudential to which they were not entitled.  For example, on or about October 27, 2022, defendant and Igor falsely represented to Prudential that T.H. (an employee at the school in West Hollywood where Igor worked as an administrator) was a caregiver for defendant, when, in fact, T.H. was not.  Based on this false information, defendant and Igor received money from Prudential to which they were not entitled.

**IHSS**

As part of the same scheme, defendant and Igor also submitted claims for providing care to IHSS recipients and received money from IHSS to which they were not entitled.  Specifically, defendant and Igor falsely represented in their claims to IHSS that defendants and members of their family were providing caregiver services to elderly individuals that neither defendants nor their families did, in fact, provide.  Based on those false claims, defendant and Igor received money from IHSS to which they were not entitled.

**Total**

Throughout the course of this scheme, between 2021 and 2025, defendants fraudulently obtained a total of approximately $354,525 from FLTCIP, $153,763.50 from Prudential, and $252,328.89 from IHSS.

In total, as a result of this scheme, defendants obtained approximately $760,617.39.

In furtherance of the scheme, Igor often submitted fraudulent claims to FLTCIP and Prudential via facsimile from a fax machine at the school where he worked as an administrator in West Hollywood, California, to claims processing centers located in other states. Defendant and Igor often submitted fraudulent claims to IHSS via its online portal. In furtherance of this scheme, on or about May 9, 2023, in West Hollywood, California, within the Central District of California, Igor faxed a claim from the school where he worked to FLTCIP in Portsmouth, New Hampshire, in which defendant and Igor fraudulently misrepresented that defendant had received $6,480 in in-home care services from T.H.

## SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

13

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss $550,000+ | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel –– and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –– and if necessary have the Court appoint counsel –– at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

14

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION; WAIVER OF COLLATERAL ATTACK

16.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

17.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the

15

statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 60 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $760,617.39; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 12 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $760,617.39.

16

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

20.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept her guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that her waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result

17

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

18

entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the

19

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations above are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

20

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States
Attorney

/s/ Kathy Yu                                December 19, 2025
_____             _____
KATHY YU                                    Date
KEVIN B. REIDY
Assistant United States Attorneys

_____             12/16/2025
OLGA DVORSKY                                _____
Defendant                                   Date

_____             12/16/2025
MEGAN MAITIA                                _____
HAYLEY HUNTLEY                              Date
Attorneys for Defendant
OLGA DVORSKY

21

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     12/16/2025
OLGA DVORSKY                        Date
Defendant

22

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am OLGA DVORSKY's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Megan Maitia_ _____     12/16/2025
MEGAN MAITIA                            Date
HAYLEY HUNTLEY
Attorneys for Defendant
OLGA DVORSKY

23